UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |
|---|---|
| LILLIAN ZEINER, EXECUTRIX, ESTATE OF EDWARD ZEINER[1] | : : : : |
| v. | : CIV. NO. 3:12CV1414 (WWE) : |
| ROBERT MESSINA TOOMBS, CONSTANCE MESSINA, and HUBBARD TOOMBS | : : : : |

**RULING ON DEFENDANT ROBERT MESSINA TOOMBS'
MOTION TO QUASH AND FOR PROTECTIVE ORDER [Doc. #69]**

Plaintiff Lillian Zeiner, Executrix for the Estate of Edward Zeiner, brings this action against defendant Robert Messina Toombs and his parents, Constance Messina and Hubbard Toombs. The case arises out of an alleged assault and battery that occurred on June 21, 2011, at the Devereux Glenholme School ("Glenholme"), in Washington, Connecticut. Glenholme serves children and adolescents with emotional, behavioral and learning disabilities. On June 21, 2011, Edward Zeiner, a school staff member, was assaulted by then sixteen year old Robert Messina Toombs. Messina Toombs had been accepted and admitted to the facility on June 8, 2011.

---

[1] Plaintiff Edward Zeiner passed away on October 18, 2013. A Motion to Substitute Party Plaintiff was filed on November 13, 2013, and granted thereafter. [Doc. ##49, 50].

1

**Procedural Background**

By way of Complaint filed October 3, 2012, Edward Zeiner brought this civil suit against Robert Messina Toombs, seeking damages for personal and psychological injuries sustained as a result of the incident. [Doc. #1]. Plaintiff alleged assault, and battery and intentional infliction of emotional distress by Messina Toombs. In a Second Amended Complaint dated March 1, 2013, Zeiner added Robert Messina Toombs' parents, Constance Messina and Hubbard Toombs, as defendants. [Doc. #30]. Plaintiff alleges that the parents were negligent by enrolling Robert in an institution for which they knew or should have known Robert was not suited; failed to take steps to insure that third persons with whom Robert would come into contact at Glenholme would be protected; and failed to warn the staff at Glenholme, including Zeiner, of Robert Messina Toombs' history of violence and the risk of harm he would present to them.[2]  [Doc. #30 ¶¶25-32].

Following his sentencing on criminal charges connected to the assault and battery, Robert Messina Toombs allowed Glenholme to release its file to counsel in this case, including his confidential psychiatric and educational records. The Glenholme records contain several reports of Dr. Roy Boorady. Robert

---

[2] The Devereux Foundation ("Glenholme") initially intervened in the case on November 21, 2012, seeking reimbursement of Workers' Compensation benefits it paid to Zeiner. [Doc. #12]. Glenholme subsequently withdrew its Intervening Complaint on September 27, 2013.  [Doc. #46].

Messina Toombs was a patient of Dr. Boorady's at the Child Mind Institute, New York, N.Y.

A Notice of Deposition dated March 21, 2014, for defendants Constance Messina and Hubbard Toombs requested that the parents each produce, "All psychiatric records, consultation or treatment notes by Dr. Ray [sic] Boorady concerning Robert Messina Toombs for 2009 through 2011."  [Doc. #62, Ex. A].

On April 3, 2014, Constance Messina and Hubbard Toombs filed a Motion for Protective Order, objecting to the production of Dr. Boorady's records required by the Notice of Deposition. [Doc. #62]. The parents argued, amongst other things, that

> Robert Messina [Toombs] has a protected privilege and privacy interest in his psychiatric treatment records. He is of the age of majority and his parents are not authorized to waive that right on his behalf. Robert Messina [Toombs] is represented by his own counsel in this case. Any records of Robert's psychiatric treatment which are not already contained in the file of the Glenholme School and disclosed to plaintiff's counsel should be sought through Robert, not these defendants.

[Doc. #62 at 5].

Robert Messina Toombs was born on September 19, 1994. Thus, he reached the age of majority, eighteen years, for purposes of the Federal Health Insurance Portability and Accountability Act (HIPPA), on September 19, 2012.  See 45 C.F.R. §164.502(g); Conn. Gen. Stat. §1-1d.

3

The Motion for Protective Order was granted on April 10, 2014. [Doc. #68].

## Discussion

On April 16, 2014, plaintiff served defendant Robert Messina Toombs with a Notice of Deposition with a Request for Production seeking, "All psychiatric records generated by Dr. Roy Baroody in connection with his treatment of Robert Messina Toombs from 2009-2011." Defendant Messina Toombs seeks a protective order, pursuant to Fed. R. Civ. P. 26(c), based on the privileged and sensitive nature of the psychiatric records. [Doc. #69 at 2].

Federal Rule of Civil Procedure 34(a) permits a party to make a request for documents or other information "within the scope of Rule 26(b)." Under Fed. R. Civ. P. 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Fed. R. Evid. 501 states that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." In

4

cases brought under diversity jurisdiction, courts utilize forum state privilege law.  See Dixon v 80 Pine Street Corp., 516 F.2d 1278, 1280 (2d Cir. 1975) ("It is not contested that, in a diversity case, the issue of privilege is to be governed by the substantive law of the forum state. . . .") (citing Massachusetts Mut. Life Ins. Co. v. Brei, 311 F.2d 463, 465-66 (2d Cir. 1961)).

    Defendant Messina Toombs seeks to maintain the confidentiality of his treatment records and communications with Dr. Boorady, pursuant to Connecticut law. See Conn. Gen. Stat. § 52-146e(a) (prohibiting psychiatrist from "disclos[ing] or transmit[ting] any communications and records or the substance or any part or any resume thereof which identify a patient to any person, corporation or governmental agency without the consent of the patient or his authorized representative");  Conn. Gen. Stat. § 52-146d(3) (defining "consent" as "consent given in writing by the patient or his authorized representative"); Conn. Gen. Stat. § 52-146j(b) (providing for private right of action for damages against psychiatrist who violates these confidentiality provisions).

    Plaintiff seeks these treatment records to enable her to assess the merits of defendants Constance Messina and Hubbard Toombs' contention that they disclosed all relevant psychiatric information to Glenholme before Robert's admission.  It is

5

undisputed that at the time of Messina Toombs' admission in June 2011, he was a unemancipated minor and his parents were acting on his behalf when making medical and treatment decisions, including the decision to enroll Robert at Glenholme.  The treatment records and communications provided to Glenholme School at the time of Messina Toombs' admission and the assault on Edward Zeiner, were provided by Robert Messina Toombs' parents Constance Messina and Hubbard Toombs. So the remaining dispute concerns plaintiff's demand for Dr. Boorady's treatment records in the face of Robert Messina Toombs' invocation of the psychiatrist-patient privilege. Plaintiff contends principally that the protection of the privilege is not available by virtue of the production of the Glenholme records in this case, and that they are relevant to defendants' contention that they provided the School with all relevant psychiatric information before his admission.

  The Court finds that plaintiff has made a showing of good cause, that Dr. Boorady's records are "relevant to the subject matter involved in the action" and necessary to test defendants Constance Messina and Hubbard Toombs' defense in this action. Fed. R. Civ. P. 26(b)(1). The request "appears reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1). However, it is impossible to balance the plaintiff's need for the records against the invocation of

6

the privilege without knowing the content of the records disclosed and the records withheld to date.

The records will be disclosed preliminarily to the Court for <u>in camera</u> review, along with a copy of Dr. Boorady's records that were produced by the Glenholme School in discovery.

Defendant Robert Messina Toombs will provide a signed authorization for production of the "All psychiatric records, consultation or treatment notes by Dr. Roy Boorady concerning Robert Messina Toombs for 2009 through 2011," with direction that a copy of his records be produced to Judge Holly B. Fitzsimmons, 915 Lafayette Boulevard, Room 266, Bridgeport, CT, 06604.

Plaintiff will provide a copy of Dr. Boorady's records that were produced by the Glenholme School in discovery to the Court within seven days.

**CONCLUSION**

Accordingly, defendant's Motion to Quash is **DENIED**, subject to reconsideration after the Court reviews the records <u>in camera</u> and Motion for Protective Order **[Doc. #69]** is **GRANTED**. If the Court determines that any of the records should be disclosed to plaintiff, an appropriate Protective Order will enter.

The deadline for the close of discovery and completion of expert depositions is November 17, 2014. [Doc. ##84, 85]. Damages analysis is due by September 15, 2014. Dispositive motions are due by January 15, 2015. <u>Id.</u>

7

This is not a recommended ruling. This is a discovery ruling and ruling on a motion for attorney's fees which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 28th day of August 2014.

                                ___/s/_____
                                HOLLY B. FITZSIMMONS
                                UNITED STATES MAGISTRATE JUDGE