UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LILLIAN ZEINER, EXECUTRIX OF THE
ESTATE OF EDWARD ZEINER,

    Plaintiff,

        v.                            No. 3:12-cv-1414 (WWE)(WIG)

ROBERT MESSINA-TOOMBS,
CONSTANCE MESSINA, and HUBBARD
TOOMBS,

    Defendants.
_____X

## RULING ON PLAINTIFF'S MOTION FOR SANCTIONS

### Background

    Plaintiff Lillian Zeiner, Executrix for the Estate of Edward Zeiner, brings this action against Robert Messina-Toombs and his parents.  The lawsuit stems from an incident occurring in 2011: Edward Zeiner, a staff member at Devereux Glenholme School ("Glenholme"), was assaulted and beaten by Robert, who was sixteen years old and a student at Glenholme at the time.  Plaintiff alleges that Robert's parents were negligent by enrolling Robert in an institution for which they knew or should have known he was ill-suited, and by failing to warn school personnel of Robert's history of violence and the risk of harm he would present.

    After Robert was sentenced on criminal charges in connection with the assault of Edward Zeiner, he singed a release to allow his psychiatric treatment records with Dr. Boorady to be disclosed to his attorney in this matter.  Plaintiff then requested production of these records.  In response to Defendants' motion for a protective order and to quash, Magistrate Judge Fitzsimmons ordered the records be disclosed to the Court for *in camera* review.  Defendants then filed a disclosure of expert witness, naming Dr. Boorady as an expert who would testify

1

regarding his opinion concerning Robert's placement at Glenholme.  Plaintiff replied by filing a motion *in limine* arguing that either Dr. Boorady should be precluded from testifying as an expert, or that the court should order the full production of all psychiatric records relating to the treatment of Robert between 2009-2011.  On January 28, 2015, Judge Eginton issued a decision finding that Robert had impliedly waived his privilege as to the psychiatric treatment records by disclosing Dr. Boorady as an expert, and ordering that such records be provided to Plaintiff within 21 days.  *See* Doc. # 98.

Now before the Court is Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i).  [Doc. # 106].  Plaintiff claims that Defendants have failed to comply with the January 28, 2015 court order requiring them to disclose the records of Robert's treatment with Dr. Boorady.  In his motion, Plaintiff seeks an order that the following matters be deemed established for the purposes of this action:

> In the six months prior to his admission to Glenholme, Dr. Boorady was of the opinion that Robert was in one of the highest categories for impulsive behaviors that can lead to significant self-injury and probably self-injury to others, and that this opinion was known to Robert's parents at the time Robert was admitted to Glenholme.

Plaintiff is also seeking to have Dr. Boorady precluded from testifying as an expert in this matter. With respect to the January 28, 2015 court order, Plaintiff contends that Defendants have failed to produce the following documents: a March 4, 2011 report from Dr. Boorady, notes from a January 12, 2011 office visit, and a report dated November 2, 2010.[1]  Plaintiff further contends

---

[1] Plaintiff obtained the March 4, 2011 report from the assistant state attorney responsible for prosecuting Robert in the criminal proceeding.  As for the January 12, 2011 office visit, Defendants claim that Plaintiff improperly characterizes this as a treatment session; rather, Defendants state that on January 12, 2011, Dr. Boorady met with the parents of Robert, and that such a meeting does not constitute treatment and so any notes from this date were not within the ambit of the Court's January 28, 2015 order.  With respect to the November 2, 2010 report,

2

that there is no way of knowing whether there are other records generated by Dr. Boorady within the relevant time period that were not produced. Defendants respond that they have complied with the January 28, 2015 court order, and that Plaintiff should be sanctioned for filing the motion for sanctions without first satisfying the relevant meet and confer requirements.

### Discussion

Local Rule 37(a) provides as follows:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

D. Conn. L. Civ. R. 37(a). This rule aims to have the parties resolve discovery disputes on their own before seeking court intervention. *Barletta v. Quiros*, No. 3:10-cv-939 AVC, 2011 WL 6260436, at *1 (D. Conn. Dec. 15, 2011).

In the instant matter, Plaintiff appears to have, although in a rather perfunctory manner, complied with the meet and confer requirement. While the affidavit that Plaintiff filed with her motion does not persuade the Court that Plaintiff has made a herculean effort to attempt to resolve the instant dispute prior to seeking the court's assistance, it does state that Plaintiff's counsel has discussed the production of the records at issue with defense counsel. Because the Court finds that the motion for sanctions should be denied for other reasons, it need not delve

---

Defendants assert that this report was previously disclosed to Plaintiff in January of 2014 with Bates stamp 000058-59.

into whether Plaintiff's affidavit satisfies the true spirit of the meet and confer requirement Rule 37 envisions.

When a party fails to obey a discovery order, the court may issues further orders including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2). Where a party seeks such a remedy -- an adverse inference instruction -- "on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a culpable state of mind; and (3) that the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).  Here, Plaintiff has not met this legal standard.

To begin, there is no assertion that the evidence was not produced "in time for use at trial." In fact, a trial date has yet to be set in this case. Also, Plaintiff has not made a sufficient showing that Defendants acted with a "culpable state of mind." This factor is met by showing "that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently." *Residential Funding*, 306 F.3d at 108 (quotation marks omitted).  Here, Plaintiff states only that the January 28, 2015 court order clearly encompassed the March 4, 2011 report, and that it was an abuse of discovery for Defendants' to fail to produce it.  Without more, however, the Court cannot find that Defendant has acted with a culpable state of mind.  As such, Plaintiff is not entitled to an adverse inference instruction.

Plaintiff also seeks to preclude Dr. Boorady from testifying in this matter.  Such sanctions are not warranted in this case. As state above, there is not a set trial date, nor is there any

indication that a trial is imminent.  Plaintiff has not suggested that there is a lack of opportunity for her to prepare for Dr. Boorady's testimony and cross examination.  "The imposition of sanctions under Rule 37 lies within the discretion of the district court." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994).  The Court will not impose such sanctions as this juncture.  Plaintiff's motion for sanctions is denied.

Defendants cross move for sanctions, asking the court to impose sanctions on Plaintiff, pursuant to 28 U.S.C.A. § 1927.  Pursuant to 28 U.S.C.A. § 1927, an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions may be imposed under this provision when the court finds "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997).  "[B]ad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks and citations omitted).

The Court cannot conclude that Plaintiff, in filing its motion for sanctions, "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Oilmar Co., Ltd v. Energy Transp. Ltd.*, No. 3:03-CV-1121 JCH, 2014 WL 8390659, at *11 (D. Conn. Oct. 6, 2014) ( internal quotation marks and citations omitted).  Therefore, Defendants' request for sanctions is denied.

## Conclusion

For the reasons set forth above, Plaintiff's motion for denied.  The Court hopes that the parties are able to have more productive conversations with respect to discovery matters going

forward, and that the way discovery has been conducted is not reflective of the manner in which the case would be tried.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this  26th  day of August, 2015, at Bridgeport, Connecticut.

                                     */s/ William I. Garfinkel*
                                     WILLIAM I. GARFINKEL
                                     United States Magistrate Judge